UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ASAD ZAY BEY,

      Plaintiff,

v.                                                    Case No. 2:20-cv-806-FtM-66NPM

DONALD MASON, ROGER D.
EATON, BILL PRUMMELL, RYAN
LAROSA, IAN ALVAREZ, GEORGE C.
RICHARDS and AMIRA FOX,

      Defendants.

_____

## REPORT AND RECOMMENDATION

Before the Court is a Complaint filed on October 14, 2020 (Doc. 1) and an Affidavit of Indigency (Doc. 2), construed as a motion to proceed in forma pauperis. Plaintiff Asad Zay Bey seeks leave to proceed without the prepayment of fees or costs. (Doc. 2).

When an application is filed to proceed *in forma pauperis*, the Court is obligated to review the file pursuant to 28 U.S.C. § 1915. Section 1915(e)(2)(B) requires the Court to dismiss the case if it determines that the action is frivolous or malicious; if it fails to state a claim upon which relief may be granted; or if the complaint seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915.[1] A complaint is considered to be frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

The Court begins by reviewing Plaintiff's Affidavit of Indigency (Doc. 2). Applicants are required to disclose their assets and are instructed not to leave any answers blank. If the answer to a question is "0," "none," or "not applicable (N/A)," he must write that response.[2] Here, Plaintiff used the incorrect form, left most of it blank, and did not disclose any assets. (Doc. 2). The Court finds the Affidavit of Indigency (Doc. 2) deficient.

The Court turns to Plaintiff's Complaint (Doc.1). Overall, this document is unintelligible. Plaintiff lists six claims, including: "(1) Genocide; (2) Embezzlement of the estate and denial of birth right; (3) Refused to produce the original verified claim and the plaintiff with a sworn statement that Asad Zay Bey or JAMES ANDREW TYRELL GREENE have harmed or damaged any property; (4) Refused to except [sic] my offer to settle this matter as the law states I have the right to settle this matter with a signature; (5) Denying rights that the treaty is there to protect My

---

[1] This statute section governs in forma pauperis actions instituted by prisoners, but it has been interpreted to apply to all litigants requesting leave to proceed in forma pauperis. *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 n.1 (11th Cir. 2004).

[2] The proper affidavit of indigency form (AO 239) found on the Middle District of Florida's website (https://www.flmd.uscourts.gov/forms/all/litigants-without-lawyers-forms) states "Do not leave any blanks" and requires responses to every question.

estate; (6) Refused to produce any documentation that states that I am a UNITED STATES CITIZEN after I clearly stated that I am Moorish American National." (*Id.*, p. 1). The Complaint is also internally inconsistent. The heading includes seven defendants, while elsewhere Plaintiff lists twelve defendants. (Doc. 1, p. 1; Doc. 1-1, p. 1). Plaintiff appears to request ten billion dollars in gold or silver as well as injunctive relief. (Doc. 1-1, pp. 1-2).

Plaintiff also attached several bail bonds and powers of attorney from the Allegheny Casualty Company. (*Id.*, pp. 4-15). Only one defendant's name, Sheriff William Prummel, appears on the bonds. (*Id.*). There is no indication in the Complaint how any of the remaining defendants have any relation to Plaintiff or this action. In other words, the Complaint is incomprehensible and contains nonsensical claims and requests for relief.

Pursuant to the governing rule of procedure, a pleading must contain:

(1)     a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;

(2)     a short and plain statement of the claim showing that the pleader is entitled to relief; and

(3)     a demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8(a)(1)-(3).

The allegations in the Complaint are so unclear that they do not : (1) establish that this Court has jurisdiction in this matter; or (2) show that Plaintiff is able to

assert a claim against any of the named defendants upon which relief may be granted.

The Court recognizes that when reviewing a pro se plaintiff's pleadings, a court must liberally construe the plaintiff's allegations. *Kinlaw v. Putnam Cty. Sheriff's Office Det. Ctr.*, No. 3:19-cv-385-J-39JRK, 2019 WL 1676203, *1 (M.D. Fla. Apr. 17, 2019) (citing *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Bingham v. Thomas*, 654 F.3d 1171, 1175 (11th Cir. 2011)).  But this duty to construe a pro se litigant's pleadings liberally does not require the Court to act as an attorney for the pro se party or obligate the Court to rewrite a deficient pleading. *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168-69 (11th Cir. 2014). Pro se litigants are also required to conform to the procedural rules. *Tsidhqiyah El v. US Sec'y of State*, No. 6:18-mc-42-Orl-41DCI, 2018 WL 6621371, *1 (M.D. Fla. Sept. 10, 2018), *report and recommendation adopted sub nom. Geysi Tsidhqiyah EL v. US Sec'y of State*, No. 6:18-mc-42-Orl-41DCI, 2018 WL 5807507 (M.D. Fla. Nov. 6, 2018).

Here, Plaintiff fails to conform to the procedural rules and fails to state a valid cause of action. Indeed, the Complaint is unintelligible and incomprehensible. In addition, Plaintiff does not state a valid cause of action or allege how this Court has jurisdiction over this matter. Further, while Plaintiff does not assert that he is a "sovereign citizen," he identifies himself as a "Moorish American National" and a "Creator/Agent in Commerce," who is a "private living being not consenting to the Democracy or Corporate Law." (Doc. 1, p. 1; Doc. 1-1, pp. 1-2)). His arguments are

similar to the sovereign citizen arguments that courts have routinely dismissed as frivolous. *See Mitchell v. Vesely*, No. 5:17-cv-325-OC-30PRL, 2017 WL 11049094, at *1 (M.D. Fla. Aug. 23, 2017); *e.g.*, *Banks v. Mike Pompeo et al.*, No. 2:19-cv-755-FtM-29NPM, 2019 WL 11478072 (M.D. Fla. Dec. 30, 2019) (denying sovereign citizen's construed motion to proceed in forma pauperis and dismissing the case); *Patten v. LaClair*, No. 2:19-cv-763-FtM-60NPM, 2020 WL 94571 (M.D. Fla. Jan. 8, 2020) (same); *Bey v. Sec'y, US Dep't of State*, No. 6:18-mc-39-Orl-40TBS, 2018 WL 3326865 (M.D. Fla. July 7, 2018) (same).

Normally, the Court would provide a pro se party at least one opportunity to amend a pleading prior to dismissal. *Henry v. Fernandez-Rundle*, 773 F. App'x 596, 597 (11th Cir. 2019). However, if a court finds that any amendment would be futile because a more carefully crafted complaint would still not be able to state a claim, then a court may dismiss the action without affording the party an opportunity to amend. *Id.* (affirming dismissal without leave to amend of a similarly frivolous, sovereign-citizen like complaint); *see also Tsidhqiyah El*, 2018 WL 6621371, at *2 (citing *Linge v. State of Georgia Inc.,* 569 F. App'x 895, 896 (11th Cir. 2014) ("[T]o the extent that he more broadly argues that he is a sovereign citizen and is not subject to the jurisdiction of Georgia state courts or Georgia laws, both we and the district court lack jurisdiction to consider his claim because it is 'wholly insubstantial and frivolous.'")). In this case, given the fact that the Complaint is wholly insubstantial,

unintelligible, and frivolous, the Court recommends that the Affidavit of Indigency (Doc. 2), construed as a motion to proceed in forma pauperis, be denied and this action be dismissed without affording Plaintiff an opportunity to amend.

It is **RESPECTFULLY RECOMMENDED**:

(1) The Affidavit of Indigency (Doc. 2), construed as a Motion to Proceed In Forma Pauperis, be **DENIED**.

(2) This action be **DISMISSED**.

Reported in Fort Myers, Florida on December 23, 2020.

NICHOLAS P. MIZELL
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.